UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HOWARD CARTER, | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:13CV237 |
| EVEREST RECEIVABLE SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Howard Carter ("Plaintiff"), through his attorneys, alleges the following against Defendant, Everest Receivable Services, Inc. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Indiana, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person who resides in St. Augustine, St. Johns, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Buffalo, New York.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around May of 2013, Defendant began constantly and consistently placing collection calls to Plaintiff's telephone in an attempt to collect an alleged debt.

10. Upon information and belief, Plaintiff does not owe the debt Defendant is attempting to collect.

11. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 312-235-6394, 312-235-6414, and 312-235-6408.

12. Defendant places collection calls to Plaintiff at telephone number 219-796-0017.

13. On or around May 13, 2013, Defendant placed a collection call to Plaintiff in an attempt to collect an alleged debt.

14. During the course of the telephone conversation on May 13, 2013, Defendant's representative requested that Plaintiff verify the last four digits of his social security number.

2

Plaintiff responded that the social security number provided by Defendant did not belong to him and that he did not owe the alleged debt.

15. Despite being informed that Plaintiff did not owe the alleged debt, Defendant continued to place collection calls to Plaintiff on May 14, 2013; May 15, 2013; May 16, 2013, May 20, 2013 at approximately 8:35 A.M., May 21, 2013 at approximately 10:16 A.M., May 22, 2013 at approximately 10:51 A.M., May 23, 2013 at approximately 5:40 P.M., and May 29 at approximately 10:53 A.M.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    b) Defendant violated §1692d(5) of the FDCPA by constantly and consistently placing telephone calls with the intent to harass, oppress, and abuse Plaintiff;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

19. Any other relief that this court deems to be just and proper.

DATE: July 9, 2013 RESPECTFULLY SUBMITTED,

By: _____
/Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Ph: (323) 988-2400 ext 241
Fax: (866) 861-1690
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
HOWARD CARTER

STATE OF INDIANA

    Plaintiff, HOWARD CARTER states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, HOWARD CARTER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_1-1-13_  
Date

_Howard Carter_  
HOWARD CARTER

4